ROBERT J. MUBARAK, Assistant District Attorney Jackson County
You ask my opinion with respect to several questions regarding the division of several lots which apparently were surveyed, platted, and recorded under the provisions of ch. 236, Stats., at some time in the past.
You first inquire whether the owner of a block, which has been subdivided into 50 x 100 foot lots, may sell the east one-half of the north one-half of one lot within such block and the adjoining west one-half of the north one-half of an adjacent lot within the block without replatting said land.
Section 236.02 (13), Stats., defines replat as follows: *Page 123 
 "`Replat' is the process of changing, or the map or plat which changes, the boundaries of a recorded subdivision plat or part thereof. The legal dividing of a large block, lot or outlot within a recorded subdivision plat without changing exterior boundaries of said block, lot or outlot is not a replat." (Emphasis added.)
In a prior opinion, my predecessor in office was asked whether the dividing of a large block, lot or outlot in a recorded plat was to be treated as a replat within the meaning of the above definition or as a new subdivision. 55 OAG 14 (1966) . That opinion distinguished the terms "replat" and "subdivision", on p. 17, as follows:
 "By its terms, sec. 236.02 (13) provides that so long as the exterior boundaries of a legally divided large block, lot or outlot with a recorded subdivision plat are not changed by the dividing, no replat occurs. Whether a subdivision would occur depends on whether the act of division creates 5 or more parcels or building sites of 1 1/2 acres each or less in area, or whether in case of successive division, 5 or more such parcels are created within a 5 year period. Sec. 236.02 (8). Scheer v. Weis (1961), 13 Wis.2d 408, 108 N.W.2d 523."
The division of each of the two adjacent platted lots for the purpose of the above-described sale apparently is intended to result in the creation of three parcels or building sites of 1 1/2 acres each or less in area. Under such circumstances, no subdivision would result. Likewise, the division of each of the two adjacent platted lots you have described would not necessarily be a replat within the meaning of sec. 236.02 (13), Stats., as long as the external boundaries of each platted lot are not changed by the act of dividing. However, whether the division of each platted lot and the subsequent conveyance of the resulting partial lots or parcels is permissible also involves the application of sec. 236.335, Stats.
Section 236.335, Stats., relates specifically to the subdividing and subsequent sale or use of a lot or parcel of land in a recorded plat and provides in part:
 "No lot or parcel in a recorded plat shall be divided, or thereafter used if so divided, for purposes of sale or building development if the resulting lots or parcels do not conform to *Page 124 
this chapter or any applicable ordinance of the approving authority or the rules of the department of health and social services under s. 236.13 . . . ."
Further, sec. 236.16 (1), Stats., relating to minimum lot width and area requirements for platting purposes, provides in part:
 ". . . in counties of less than 40,000, each lot in a residential area shall have a minimum average width of 60 feet and a minimum area of 7,200 square feet. In municipalities, towns and counties adopting subdivision control ordinances under s. 236.45, minimum lot width and area may be reduced to dimensions authorized under such ordinances if the lots are served by public sewers."
Generally speaking, if the parcels resulting from a division of a platted lot are in conformity with sec. 236.16 (1), Stats., then, of course, a conveyance and subsequent use of those parcels for building development is permissible. Further, if two such adjoining parcels, located in two adjacent platted lots, are conveyed for use as a single building site, then in my opinion, a building could properly be constructed across the platted lot line, if such construction was otherwise in compliance with local regulations.
However, sec. 236.335, Stats., clearly limits the division of a lot or parcel in a recorded plat and the subsequent sale or use of the resulting lots or parcels, if they do not conform to ch. 236, Stats., and other applicable regulatory provisions. Compliance with sec. 236.16 (1), Stats., is a prerequisite for creating a valid subdivision and is therefore applicable to any division of land within a recorded subdivision. In applying secs.236.16 (1) and 236.335, Stats., to the dividing of the two platted lots which you have described, it is obvious that no division of such lots would be in compliance with those statutes. You indicate that the platted lots are presently only 50 feet wide by 100 feet deep, dimensions which were apparently appropriate at the time the plat was initially approved. Therefore, in the absence of a subdivision control ordinance properly reducing the allowable minimum lot width and area requirement, set forth in sec. 236.16 (1), Stats., division of the lots you have described, for purposes of sale or building development, is clearly prohibited by ch. 236, Stats. *Page 125 
Finally, assuming real estate in a recorded subdivision plat may be conveyed in the manner you describe, you ask whether recordation of a certified survey map of such real estate, prepared pursuant to sec. 236.34, Stats., would be proper or would constitute a replat within the meaning of sec. 236.02 (13), Stats.
Since I have previously indicated that the division of the lots you describe would not be in compliance with ch. 236, Stats., it is also clear that the preparation and recordation of a certified survey map to accomplish such division would likewise be in violation of ch. 236, Stats.
RWW:JCM